**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0608-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DABOOZ SANON,

      Defendant-Appellant.

_____

Submitted January 29, 2020 — Decided  February 12, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 06-08-1168.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dabooz Sanon appeals from a June 29, 2018 judgment denying his petition for post-conviction relief (PCR). We affirm.

In 2006, defendant pled guilty to third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1). In accordance with his plea agreement, he received a two-year probationary sentence. In 2009, defendant violated probation and was re-sentenced to 364 days in the county jail, with credit for time served, and discharged from probation without improvement.

In 2017, defendant filed a PCR petition, arguing his plea counsel was ineffective because he told defendant he would not be deported for entering into a plea. Defendant argued he only learned he would be deported in 2016, when he received a notice of removal proceedings from the Department of Homeland Security, and he would not have entered into the plea if he knew he would be deported.

Judge William A. Daniel denied defendant's PCR petition in a thorough and well-written thirteen-page decision. The judge found plea counsel was not ineffective because "[a]t the time of defendant's plea, defense attorneys were not required to advise a defendant about the removal consequences of a guilty plea, but rather, counsel had to refrain from providing 'false or misleading [material] information concerning the deportation consequences' of the plea." (second

alteration in original). The judge noted the subsequent change to the law pursuant to Padilla v. Kentucky, 559 U.S. 356, 374 (2010), holding that "[c]ounsel who fails to apprise a defendant that a guilty plea carries a risk of deportation is deficient" did not retroactively apply to defendant's 2006 guilty plea.

Moreover, Judge Daniel found no evidence in the record corroborating the claim plea counsel affirmatively misadvised defendant. The record offered no indication either plea counsel or the court knew defendant was not a United States citizen. "Instead, throughout formal proceedings, [defendant] . . . continuously represented that he was a U.S. citizen. . . . In fact, in [defendant's] brief he states, '[he] believed he was a U.S. citizen at the time of the plea. Based upon this, trial counsel told him deportation would not take place.'"

The judge also noted defendant answered "not applicable" to the following question on his plea form: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" Moreover, the judge who accepted the plea asked if defendant was a U.S. citizen, and he responded affirmatively.

Judge Daniel concluded defendant failed to show counsel was deficient. He also found defendant failed to demonstrate any prejudice because he faced a

sentence of up to five years in prison if convicted and instead received probation. Additionally, the judge found defendant failed to demonstrate grounds to withdraw his guilty plea.

A PCR court need not grant an evidentiary hearing unless "a defendant has presented a prima facie [case] in support of post-conviction relief." State v. Marshall, 148 N.J. 89, 158 (1997) (alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid. The court must view the facts "in the light most favorable to defendant." Ibid. (quoting Preciose, 129 N.J. at 462-63); accord R. 3:22-10(b). If the PCR court has not held an evidentiary hearing, we "conduct a de novo review . . . ." State v. Harris, 181 N.J. 391, 421 (2004).

To establish ineffective assistance of counsel, defendant must satisfy a two-prong test: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, 466 U.S. at 687).

4

Counsel's performance is evaluated with extreme deference, "requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Fritz, 105 N.J. at 52 (alteration in original) (quoting Strickland, 466 U.S. at 688-89).

To demonstrate prejudice, "'actual ineffectiveness' . . . must [generally] be proved[.]" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 692-93). Petitioner must show the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

The Supreme Court has stated:

> When a guilty plea is part of the equation, we have explained that "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (alteration in original).
>
> [State v. Nunez-Valdez, 200 N.J. 129, 139 (2009).]

Defendant raises the following point on appeal:

A-0608-18T3

THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE CLAIM THAT HIS PLEA ATTORNEY PROVIDED HIM WITH MISADVICE AS TO THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. THE IMMIGRATION CONSEQUENCES OF THE GUILTY PLEA.

Specifically, defendant argues the judge's conclusion defendant would have received a worse outcome without the plea was unsupported by the record. He asserts the judge also erred in addressing his petition by analyzing the factors for a plea withdrawal.

Our de novo review of the record convinces us defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). For the reasons expressed in Judge Daniel's opinion, defendant did not demonstrate a prima facie case of ineffective assistance of counsel because he failed to show counsel performed deficiently or any evidence counsel's acts or omissions prejudiced the outcome of this case.

A-0608-18T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0608-18T3